UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WILLIAM DAVID JONES,
*Plaintiff,*

v.

HUNG CAO, ACTING SECRETARY OF
THE NAVY,
*Defendant.*

No. 1:25-cv-01708-MSN-WBP

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant and Acting Navy Secretary Hung Cao's[1] Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF 7), and Plaintiff William David Jones' Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7 (ECF 14). Plaintiff, proceeding *pro se*, brings several claims against his former employer (the Department of the Navy) for wrongful termination and retaliation. ECF 1. For reasons stated below, this Court will DENY Plaintiff's Motion to Strike and GRANT Defendant's Motion to Dismiss.

## I.    BACKGROUND

### A.    Factual Background

On October 13, 2020, the United States Department of the Navy hired Plaintiff William David Jones for a competitive service position as an operations research analyst serving in the U.S. Marine Corps Combat Development Command. ECF 1 at 16. On September 9, 2022, the Navy issued a Notice of Termination of Employment During Probationary Period, thereby terminating

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Hung Cao has been automatically substituted as Defendant as the current Acting Secretary of the Navy.

Plaintiff's employment. ECF 2-11. The notice letter stated that Plaintiff's termination was due to performance that did not meet the level of expectation required for the position, including failure to follow instructions from supervisors and inappropriate comments in the workplace. *Id.* at 2-3. The Navy terminated Plaintiff during his probationary period, despite earning "fully successful" annual evaluations in 2022 (ECF 2-4) and receiving a performance-based bonus in July 2022 (ECF 2-6), in addition to an "individual time-off award" (ECF 2-5).

### B.   Procedural History

This is not the first time that the Plaintiff has sued Defendant regarding his termination from the Navy. Plaintiff first appealed his September 9, 2022 termination to the Merit System Protection Board ("MSPB") on September 12, 2022, arguing both that he had the statutory right to appeal his termination to the MSPB and that the Navy terminated him in retaliation for Plaintiff engaging in activity pursuant to Title VII of the Civil Rights Act of 1964. *Jones v. Toro ("Jones I")*, No. 3:23CV514 (DJN), 2023 WL 8881816, at *1 (E.D. Va. Dec. 22, 2023), *aff'd sub nom. Jones v. Phelan*, No. 24-1066, 2025 WL 3540063 (4th Cir. Dec. 10, 2025). On October 26, 2022, the MSPB dismissed Plaintiff's appeal for lack of jurisdiction because Plaintiff was a probationary employee at the time of his termination and thus "lacked a statutory appeal right and had not satisfied the requirement for a regulatory appeal right." *Jones I*, 2023 WL 8881816, at *1. The MSPB administrative judge ("AJ") assigned to the case did not adjudicate Plaintiff's Title VII retaliation claim because he dismissed the case for lack of jurisdiction. *Id*.

After the MSPB's dismissal, Plaintiff filed a timely appeal on January 19, 2023, to the Court of Appeals for the Federal Circuit. *Jones I*, 2023 WL 8881816, at *2. On June 14, 2023, the Federal Circuit held that it lacked jurisdiction over the case because Plaintiff's allegation of Title VII retaliation rendered the action a "mixed case." *Id*. The Federal Circuit notified Plaintiff of its

intent to transfer the case to the Eastern District of Virginia unless Plaintiff waived his Title VII claims within 30 days. *Id*. Plaintiff did not waive the claims, and on August 10, 2023, the Federal Circuit transferred the case to this district. *Id*.

On December 22, 2023, the district court (1) granted Defendant's Motion for Partial Summary Judgment and affirmed the MSPB's dismissal of Jones's administrative appeal for lack of jurisdiction; (2) granted Defendant's Motion to Dismiss Plaintiff's Title VII retaliation claim, finding that even after "liberally construing" the *pro se* filings, Plaintiff failed to plausibly allege his retaliation claim; and (3) denied as moot Plaintiff's Motion for a Jury Trial. *Jones I*, 2023 WL 8881816, at *6-7, 10. On December 10, 2025, Plaintiff appealed, and the Fourth Circuit affirmed the district court's decision. *Jones*, 2025 WL 3540063.

Plaintiff then filed an Amended Complaint alleging that he was terminated in retaliation for filing an Equal Employment Opportunity ("EEO") complaint. *Jones v. Toro ("Jones II")*, No. 3:23cv514 (DJN), 2024 WL 1260576, at *2 (E.D. Va. Mar. 25, 2024). The district court dismissed Plaintiff's Amended Complaint, concluding that he failed to establish a plausible causal link between his protected activity and his termination to sustain a Title VII retaliation claim. *Id*. at *10.

On July 9, 2024, amid the ongoing litigation, Plaintiff filed a formal complaint with his Agency's EEO office alleging retaliatory discrimination based on prior EEO activity. ECF 2-17 at 7. On August 7, 2024, the Agency dismissed the complaint for failing to state a claim, and Plaintiff appealed this decision to the Equal Employment Opportunity Commission ("EEOC"). ECF 2-17 at 5-13.

On February 20, 2025, the EEOC upheld the Agency's decision and noted that the Commission did not have "jurisdiction to review an agency's determination on the substance of a

3

security clearance decision." ECF 2-17 at 11 (citing *Dep't of the Navy v. Egan*, 484 U.S. 518, 529 (1988)). Following a request from Plaintiff for reconsideration, the EEOC reaffirmed its ruling on June 23, 2025, and notified Plaintiff of his right to appeal in a federal district court within 90 days of receiving the decision. ECF 2-17 at 21-25.

On October 7, 2025, Plaintiff filed the Complaint in the case presently before this Court. The Complaint contains five claims alleging wrongful termination and retaliation. Claims 1 and 2 allege that Plaintiff was terminated by an officer who was not his appropriate supervisor and for reasons that were not consistent with his employment record. ECF 1 at 12-13. Claim 5 alleges that Defendant later reversed his termination but failed to notify him of his right to be reinstated. *Id.* at 14. Finally, Claims 3 and 4 allege that Plaintiff was terminated in retaliation for protected EEO activity. *Id.* at 13-14.

Defendant subsequently moved to dismiss Plaintiff's Complaint, claiming that the Court lacks jurisdiction and Plaintiff has failed to state a claim. ECF 7, 8. Plaintiff then filed a Motion to Strike under Federal Rule of Civil Procedure 12(f) and Local Rule 7, seeking to strike Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, as well as Defendant's Reply to Plaintiff's Response to the Motion to Dismiss. ECF 14. Plaintiff contends that the Motion to Dismiss and Reply brief should be struck on the following grounds: (1) Lindsey Halligan's signature on the Motion to Dismiss constitutes an "'unlawful exercise of executive power' because they were submitted by an official who lacked the legal authority to represent the United States," and as such, the Motion is improper, impertinent, and immaterial under Rule 12(f); (2) Defendant's Reply brief constitutes an unauthorized sur-reply; and (3) Plaintiff was either improperly classified as a probationary employee at the time of his termination, or, alternatively, was not a probationary employee at the time of the alleged cancellation of his termination. ECF 14 at 1-7. Both

4

Defendant's Motion to Dismiss and Plaintiff's Motion to Strike are fully briefed and now before the Court.

## II.        LEGAL STANDARD

### A.        Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) allows a district court, on the motion of a party or on its own, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions "are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990)). The purpose of a 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Gregory v. Belfor USA Grp., Inc.*, No. 2:12cv11, 2012 WL 2309054, at *1 (E.D. Va. June 15, 2012) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)). Moreover, a motion to strike typically "requires a showing that denial of the motion would prejudice the moving party." *Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019) (citing *United States v. Gwinn*, No. 5:06-cv-00267, 2006 WL 3377636, at *1 (S.D.W. Va. Nov. 20, 2006)).

### B.        Federal Rule of Civil Procedure 12(b)(1)

On a motion to dismiss that challenges this Court's subject matter jurisdiction, it is the plaintiff's burden to show that jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va Int'l Terminals, Inc.*, 914 F. Supp. 1336, 1338 (E.D. Va. 1996); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A defendant may move to dismiss under Rule 12(b)(1) either through a facial

challenge, contending "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," or a factual challenge, arguing "that the jurisdictional allegations of the complaint [are] not true." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).

### C.    Federal Rule of Civil Procedure 12(b)(6)

This Court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not include "detailed factual allegations," but must include in his complaint more than bald accusations or mere speculation. *Bell Atl. Corp.*, 550 U.S. at 555. When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted).

A *pro se* complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). But the Court's "task is not to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Nor does the liberal pleading standard "excuse a clear failure in the pleadings to allege a federally cognizable claim." *Laber v. United States DOD*, No. 3:21-cv-502, 2021 WL 5893293, at *2 (E.D. Va. Dec. 13, 2021) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990)).

### III.   ANALYSIS

#### A.   Plaintiff's Motion to Strike

Plaintiff moves to strike Defendant's Motion to Dismiss and Defendant's Reply brief on the grounds that (1) Lindsey Halligan's[2] signature on the Motion to Dismiss constitutes an "unlawful exercise of executive power" and as such, the Motion is improper, impertinent, and immaterial under Rule 12(f); (2) Defendant's Reply brief constitutes an unauthorized sur-reply; and (3) Plaintiff was either improperly classified as a probationary employee at the time of his termination, or, alternatively, was not a probationary employee at the time of the alleged cancellation of his termination. ECF 14 at 1-7. However, Rule 12(f) only permits a court to strike material from a pleading. Fed. R. Civ. P. 12(f); *see also Jones II*, 2024 WL 1260576, at *5 ("[T]his Court has held that a party's brief or motion does not qualify as a pleading under the Federal Rules of Civil Procedure and therefore cannot be subject to a motion to strike under Rule 12(f)"). The Federal Rules of Civil Procedure define pleadings exhaustively: a complaint, an answer to a complaint, a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if ordered by the court, a reply to an answer. Fed. R. Civ. P. 7(a). A motion to dismiss and a reply brief are not pleadings—they are motions and memoranda. Because Rule 12(f) does not reach motions or briefs, Plaintiff's Motion to Strike is procedurally improper and must be denied.

---

[2] Lindsey Halligan was purportedly appointed by the Attorney General on September 22, 2025, to serve as "the Interim United States Attorney for the Eastern District of Virginia." *United States v. Comey*, 810 F. Supp. 3d 768, 773 (E.D. Va. 2025). After a judge designated by the Chief Judge of the Court of Appeals for the Fourth Circuit ruled that Ms. Halligan had been unlawfully appointed, *see id.* at 780, 787, Ms. Halligan continued to "identify herself as the United States Attorney for this District in pleadings" for a number of weeks, *United States v. Jefferson*, 816 F. Supp. 3d 590, 594 (E.D. Va. 2026). Plaintiff's motion grows out of that interim period in which Ms. Halligan continued to act with the purported authority of the United States.

Even setting aside the procedural deficiency, the substantive standard for a motion to strike is demanding. *See Waste Mgmt. Holding*, 252 F.3d at 347. Rule 12(f) "imposes a sizable burden on the movant, and courts typically strike defenses only when they have no possible relation to the controversy." *United States v. Google LLC*, 692 F. Supp. 3d 583, 592 (E.D. Va. 2023) (internal quotation marks omitted). Plaintiff has made no showing that Ms. Halligan's signature on Defendant's Motion to Dismiss or Reply brief renders them redundant, immaterial, impertinent, or scandalous.

Furthermore, Plaintiff has not demonstrated that he was prejudiced by Ms. Halligan's appearance on the signature blocks in Defendant's Motions. While Plaintiff points out that Ms. Halligan was not validly appointed to that role (*see* ECF 14 at 2; *see also United States v. Comey*, 810 F. Supp. 3d 768, 780, 787 (E.D. Va. Nov. 24, 2025)), first, as a factual matter, the Motion to Dismiss was signed by both Lindsey Halligan and an Assistant United States Attorney serving of counsel of record in the case. ECF 8 at 25. The motion therefore unquestionably bears the signature of at least one attorney in accordance with Federal Rule of Civil Procedure 11(a). Fed. R. Civ. P. 11(a). Second, the Motion to Dismiss is not an insufficient defense, nor is it redundant, immaterial or impertinent. Rather, it is a substantive filing raising legitimate legal arguments about this Court's jurisdiction and Plaintiff's failure to state a claim. Rule 12(f) therefore provides no basis to strike such a filing.

## B.    Defendant's Motion to Dismiss

Turning to Defendant's Motion to Dismiss, Defendant argues that Plaintiff's Complaint is barred by both a lack of subject matter jurisdiction and *res judicata*. The Court addresses each argument in turn below.

8

### i.    This Court Lacks Jurisdiction to Hear Plaintiff's Wrongful Termination and Right to Return Claims (Claims 1, 2, and 5)

Plaintiff alleges in Claims 1 and 2 that the Department of the Navy wrongfully terminated him by allowing a person other than his immediate supervisor to fire him and by firing him without sufficient cause. ECF 1 at 12-13. He further alleges in Claim 5 that the Navy failed to follow OPM directives that required it to notify him that the Navy had canceled his termination. *Id.* at 14. As with any matter, the plaintiff bears the burden of establishing the Court's subject-matter jurisdiction, and in this case, Plaintiff's status as a probationary employee is essential to that determination. Issue preclusion, however, bars relitigation of Plaintiff's probationary status.

To establish issue preclusion, a defendant must show that: (1) an issue of fact or law was actually litigated and decided by a valid, final judgment; (2) the determination of that issue was essential to the prior judgment; and (3) a subsequent action between the same parties presents the same issue the same issue. *See B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138, 148 (2015). Issue preclusion also applies to jurisdictional rulings. The Fourth Circuit has held that "a jurisdictional dismissal that does not constitute a judgment on the merits so as to completely bar further transactionally-related claims still operates to bar relitigation of issues actually decided by that former judgment." *Chin-Young v. United States*, 774 F. App'x 106, 118 (4th Cir. 2019) (quoting *Goldsmith v. Mayor & City Council of Balt.*, 987 F.2d 1064, 1069 (4th Cir. 1993)).

All elements of issue preclusion are met here. The parties previously litigated Plaintiff's probationary status in *Jones I*, where the court upheld the MSPB's decision that Plaintiff was a probationary employee at the time of his termination and therefore lacked an appeal right under the Navy's regulations. 2023 WL 8881816, at *1, 5-6. The Fourth Circuit subsequently affirmed the district court's ruling. *Jones*, 2025 WL 3540063. Because the same parties have litigated the

9

issue of Plaintiff's probationary status, the ruling was in Defendant's favor, and the issue was essential to the final judgment, Plaintiff may not relitigate it here.

Plaintiff's probationary status is dispositive as to the issue of this Court's subject matter jurisdiction. The Civil Service Reform Act ("CSRA") governs the rights and remedies available to federal employees and provides the exclusive avenue through which qualifying employees may challenge adverse employment actions. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 13 (2012). Put differently, the CSRA "operate[s] to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship." *Hall v. Clinton*, 235 F.3d 202, 206 (4th Cir. 2000).

Chapter 75 of the CSRA extends protections to federal employees against adverse employment actions. 5 U.S.C. §§ 7501-7504, 7511-7515. Under this Chapter, covered employees receive procedural protections before they may be fired for cause and retain the right to appeal such terminations. *See* 5 U.S.C. § 7513. The CSRA, however, expressly excludes probationary employees from those entitled to protection. 5 U.S.C. § 7511(a)(1)(A)(i); *Bante v. Merit Sys. Prot. Bd.*, 966 F.2d 647, 650 (Fed. Cir. 1992). Because Congress excluded probationary employees from the CSRA protections in Chapter 75, such employees generally cannot seek review of their removal.[3] *See United States v. Fausto*, 484 U.S. 439, 448 (1988); *Nat'l Treasury Emps. Union v. Fed. Lab. Relations Auth.*, 737 F.3d 273, 277 (4th Cir. 2013).

Plaintiff's claims in Counts 1, 2, and 5 all challenge whether he was properly removed for cause as a probationary employee and/or whether he received proper notice of non-adverse actions

---

[3] At the time of Plaintiff's termination, limited exceptions existed to the bar on judicial review that allowed probationary employees to challenge terminations when an agency failed to give an employee proper notice, or terminated an employee as a result of unlawful discrimination, political reasons, or marital status. *See* 5 C.F.R. § 315.806 (2024). Plaintiff, however, does not raise a claim in Counts 1, 2, or 5 under any of these exceptions.

10

that occurred after his termination. These claims fall squarely among those that are precluded by the CSRA, divesting this Court of jurisdiction.[4]

### ii. Plaintiff's Retaliation Claims (Claims 3 and 4) are Barred by *Res Judicata*

In Claims 3 and 4, Plaintiff argues that his termination was also unlawful because Defendant fired him in retaliation for a previous EEO complaint he submitted. Unlike the rest of Plaintiff's wrongful termination claims, this Court generally does have jurisdiction to review claims by probationary federal employees alleging retaliation under Title VII, provided that those claims have been properly exhausted. *See Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 426 (2017); 5 C.F.R. § 315.806(d) (2014); *see also Jones I*, 2023 WL 8881816, at *7 (evaluating Plaintiff's exhausted retaliation claims on the merits). Plaintiff's claims here, however, are barred by *res judicata*.

The doctrine of *res judicata*, also known as claim preclusion, "precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). This preclusive effect goes beyond claims or defenses actually introduced in previous litigation, and "by precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, '*res judicata* . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.'" *Pueschel v. U.S.*, 369 F.3d

---

[4] Defendant argues that the Court lacks jurisdiction for a different reason; it contends that the MSPB and Federal Circuit have exclusive jurisdiction over Plaintiff's wrongful termination claims. ECF 8 at 12-14, 23. As before, however, Plaintiff appears to bring a "mixed case" involving claims that are subject to the CSRA and claims that fall under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e – 2000e-17. In a mixed case, an employee may do what Plaintiff has done here: file a complaint with an agency's EEO office and then, if the EEO decides against him, "bypass further administrative review by suing the agency in district court." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 424 (2017) (internal quotation marks omitted). That being said, it does not appear that Plaintiff exhausted the arguments he raises in Claim 5 before the EEO, creating another reason as to why the Court lacks jurisdiction over that claim.

11

345, 354 (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)) (italics added). For *res judicata* to apply, three elements must be satisfied: there must be (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Pueschel*, 369 F.3d at 354-55.

For Plaintiff's retaliation claims, all three elements of *res judicata* are satisfied. Claims 3 and 4 each allege, in whole or in part, that Plaintiff was terminated in retaliation for protected EEO activity. ECF 1 at 1-3. Plaintiff raised substantially the same retaliation theory in his prior litigation, and this Court dismissed the claim, concluding that Plaintiff could not show a causal link between his EEO complaint and his termination. *Jones II*, 2024 WL 1260576, at *10. While the court did not explicitly dismiss Plaintiff's claim with prejudice, the dismissal nevertheless constitutes a final judgment on the merits, satisfying the first element of *res judicata*. *See McLean v. United States*, 566 F. 3d 391, 396 (4th Cir. 2009) ("[U]nless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice."), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). As for the second element, all of Plaintiff's retaliation claims in the present suit arise out of the same core of operative facts as the prior litigation—namely, his September 9, 2022 termination from the Department of Navy and his prior EEO activity—and were either litigated or could have been raised in the prior proceedings. Finally, the parties are identical: Plaintiff William David Jones and Defendant, the Secretary of the Navy, were parties to the prior and present suits. Accordingly, Plaintiff's retaliation claims in Claims 3 and 4 are barred by *res judicata* and must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss (ECF 7) is GRANTED; it is further

ORDERED that Plaintiff's Motion to Strike (ECF 14) is DENIED; it is further

ORDERED that Plaintiff's Complaint (ECF 1) is DISMISSED WITH PREJUDICE.

The Clerk is directed to forward a copy of this Order to counsel of record and William David Jones, *pro se*; enter judgment pursuant to Federal Rule of Civil Procedure 58 in favor of Defendant and against Plaintiff; and close this civil action.

**SO ORDERED.**

/s/
_____
Michael S. Nachmanoff
United States District Judge

June 29, 2026
Alexandria, Virginia

13