UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILLIAM DAVID JONES,<br>*Plaintiff*,<br><br>v.<br><br>HUNG CAO, ACTING SECRETARY OF THE NAVY,<br>*Defendant.* | No. 1:25-cv-01708-MSN-WBP |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e). ECF 20. Plaintiff William David Jones, proceeding pro se, requests that the Court "vacate its order granting Final and Summary Judgment to the Defendant." *Id.* at 1. For reasons stated below, this Court will DENY Plaintiff's Motion for Reconsideration.

## I. BACKGROUND

On October 7, 2025, Plaintiff filed the Complaint in this case, asserting five claims alleging wrongful termination and retaliation in relation to his termination from the Navy in 2022. ECF 1. On June 29, 2026, the Court granted Defendant's Motion to Dismiss and denied Plaintiff's Motion to Strike Defendant's Motion Dismiss and Reply. ECF 18, 19. The Court found that it lacked jurisdiction to hear Plaintiff's wrongful termination and right to return claims and that Plaintiff's retaliation claims were barred by res judicata. *See* ECF 18 at 8-12.

On July 27, 2026, Plaintiff filed his Motion to Amend or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e). ECF 20. Plaintiff asserts that Defendant failed to meet its

burden under "Federal Rule of Civil Procedure 56" because Defendant's brief included the placeholder "CITE," *id.* at 3-5, he is not a probationary employee, *id.* at 7, he has exhausted "two of three" administrative remedies, *id.* at 10, and a recent Fourth Circuit opinion affirms he has a claim under 5 U.S.C. § 5596, *id.* at 14-17. Plaintiff does not seek explicitly reconsideration of the Court's order denying his Motion to Strike.

## II. LEGAL STANDARD

A motion for reconsideration "is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted). The Fourth Circuit has recognized relief under Federal Rule of Civil Procedure 59(e) in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (citations omitted). Such issues "rarely arise," and motions to reconsider are rarely granted. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

The Court construes a plaintiff's pro se filings in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction afforded pro se pleadings do not mean that courts are "required to construct a [pro se] party's legal arguments for him," *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Plaintiff has failed, under Rule 59 or under any other Rule, to identify with particularity any grounds for the Court to reconsider its June 29, 2026 Order dismissing this action. ECF 20.

Plaintiff's first argument is that two of Defendant's sentences in its Memorandum in Support of its Motion to Dismiss have placeholders. He argues that granting summary judgment constitutes a manifest error.[1] ECF 20 at 3. However, these placeholders are clearly harmless scrivener's errors that, in any event, do not relate to the Court's judgment.

Plaintiff next argues that he was not a probationary employee, alleging the "the SF-50 dated 25 April 2023 cancelling the termination also permanently affected the employment status of the Plaintiff." ECF 20 at 7. As the Court noted, because Plaintiff's probationary status was already litigated, the ruling was decided in Defendant's favor, and the issue was essential to the final judgment, Plaintiff may not relitigate it here. Plaintiff may not now employ Rule 59(e) to take "a second bite at the apple." *Hanover Ins. Co. v. Corrpro Cos*., 221 F.R.D. 458, 460 (E.D. Va. 2004).

Plaintiff next challenges Defendant's argument that Plaintiff had not exhausted his administrative remedies. ECF 20 at 4-14. The Court already considered these arguments in adjudicating the Motion to Dismiss. Although the Court noted that Plaintiff had not properly exhausted his administrative remedies with respect to Count 5, this was simply another reason the Court found it lacked jurisdiction over this claim. ECF 18 at 9-10. The Court's primary basis for lack of jurisdiction was that his claims were precluded by the Civil Service Reform Act ("CSRA"). *Id.* at 9-11. Thus, whether Jones exhausted his administrative remedies was not dispositive of the Court's ruling and cannot establish "clear error."

Finally, Plaintiff argues the Fourth Circuit's recent decision in *Doe 1 v. Office of the Director of National Intelligence* "directly affects the decision from this Court." ECF 20 at 14. In this case, the Fourth Circuit held that government agencies must adhere to their own binding

[1] Throughout Plaintiff's Motion, he asserts that the Court granted summary judgment in favor of Defendant. The Court did not grant summary judgment under Federal Rule of Civil Procedure 56. The Court granted Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12. *See* ECF 18.

regulations. 180 F.4th 536 (4th Cir. 2026). This ruling has no relevance to Plaintiff's claims being precluded from Court jurisdiction.

Plaintiff fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) qualifies as necessary to prevent a manifest injustice. Nowhere in Plaintiff's Motion does he allege that the Court made an "error of law" with respect to either of the two bases the Court relied upon to dismiss Plaintiff's claims: that his claims are barred by issue preclusion and res judicata. As such, the Court sees no reason to disturb its prior ruling.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion (ECF 20) is **DENIED**.

To appeal this decision, Plaintiff must file a Notice of Appeal within thirty (30) days of the date this Order is entered. Failure to file a timely Notice of Appeal waives the right to appeal this decision.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff, pro se.

It is **SO ORDERED**.

/s/

Hon. Michael S. Nachmanoff
United States District Judge

October 30, 2026
Alexandria, Virginia